UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA          :
                                  :
    -against-                     :
                                  :   No. 97 Cr. 1105 (HB)
ROBERT BROWN,                     :
                                  :   <u>OPINION & ORDER</u>
              Defendant.          :
------------------------------------------------------X

**Hon. HAROLD BAER, JR., District Judge:**

  Before the Court is a petition for immediate release pursuant to the All Writs Act, 28 U.S.C. § 1651(a) by Robert Brown ("Petitioner"), proceeding *pro se*. Petitioner was sentenced by this Court on April 3, 2003, after entering into a plea agreement. For the reasons set forth below, the petition is DENIED.

**Background**

  On February 4, 1999, Petitioner was charged in an indictment with racketeering and racketeering conspiracy in violation of 18 U.S.C. § 1962(c),(d), as well as with narcotics conspiracy in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), for various acts committed between 1991 and 1997. Resp't's Opp. Ex. B. On November 16, 1999, Petitioner pled guilty before Magistrate Judge Peck to a Superseding Information charging him with two counts of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), for an act committed on or about July 3, 1992. Resp't's Opp. Ex. C.

  At the time of the plea, the statute of limitations of five years under 18 U.S.C § 3282(a) had run by approximately four months. This issue, however, was specifically discussed during the plea proceeding before Judge Peck, in Petitioner's presence. The Government explained, "The statute of limitations has run with respect to the crimes for which the defendants are pleading to in this information, the 1959 charge . . . . If this case were to proceed to trial the government would rely on the initial indictment against the defendants which charges them with violating 1962(c) . . . . not time-barred . . . ." Resp't's Opp. Ex. D, at 18-19. The Government further explained that the penalty under § 1962(c) would be "greater" than the maximum penalty under the plea agreement and asked Judge Peck to have Petitioner and a co-defendant "state on the record that they understand they are waiving the statute of limitations for this plea benefit."

1

*Id*. at 19. Petitioner replied "yes," when Judge Peck asked, "Having heard all of this . . . do you still wish to plead guilty?" *Id*.

Subsequently, this Court sentenced Petitioner to a term of 20 years. On August 29, 2003, I denied Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate the three year supervised release term of his sentence. *See Brown v. United States*, No. 02 Civ. 9305, 2003 WL 22047879 (S.D.N.Y. Aug. 29, 2003). At that time, I also considered and denied Petitioner's ineffective assistance counsel claim under 28 U.S.C. § 2255 alleging a violation of the double jeopardy clause. *Id*. at *3.

## Discussion

Under the All Writs Act, federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pa. Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). The writ of *audita querela*, although no longer available in civil cases, "remain[s] available in very limited circumstances with respect to criminal convictions . . . . where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *United States v. Collins*, 373 F. App'x 94 (2d Cir. 2010) (quoting *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995)).

Petitioner argues that he is entitled to such relief under the All Writs Act because he was sentenced under § 1651(a) whose statute of limitation had run, and the Court, as a consequence, did not have subject matter jurisdiction. Pet'r's Supp. 2. Petitioner also argues that the statute of limitations may not be waived. *Id*. However, Petitioner does not dispute the fact that the statute of limitations was explicitly discussed and waived before Judge Peck at the time of his plea agreement.

It is well-settled law that a defendant may waive the defense of statute of limitations. *See*, *e.g.*, *Spaziano v. Florida*, 468 U.S. 447, 457 n.6 (1984) (quoting the colloquy with the court demonstrating petitioner's understanding of implications of his refusal to waive the statute of limitations); *United States v. Padilla*, 186 F.3d 136, 141 n.4 (2d Cir. 1999). "It is also well established that 'the running of the limitations period does not defeat jurisdiction.'" *United States*

v. *Hsu*, 669 F.3d 112, 118 (2d Cir. 2012) (quoting *United States v. Walsh*, 700 F.2d 846, 855 (2d Cir. 1983) (holding that the statute of limitation is an affirmative defense)). Here, the transcript of the plea proceeding quoted above, clearly demonstrates Petitioner's knowing waiver of the statute of limitations defense in order to assure him of a lower statutory maximum of a 20-year term rather than a statutory maximum of life. Defendant's legal objection to his sentencing, therefore, must fail.

In addition, I note that "the writ of *audita querela* is not an available remedy, because, as a federal prisoner challenging the legality of his conviction, the relief [he] seeks is covered by statute: 28 U.S.C. § 2255(a)." *Pipola v. United States*, 430 F. App'x 31, 32 (2d Cir. 2011). *See also Persico v. United States*, 418 F. App'x 24, 26 (2d Cir. 2011) (denying relief under the All Writs Act because "this was not the case that no other avenue of judicial review was available, as his petition clearly falls within the scope of § 2255, as the proper vehicle for a federal prisoner's challenge to the imposition of his sentence") (citation and alterations omitted).

## Conclusion

For the foregoing reasons stated, the petition is DENIED. The Clerk of the Court is instructed to close all pending motions and remove them from my docket.

**SO ORDERED.**

New York, New York
December \_\_, 2012

Hon. Harold Baer, Jr.
U.S.D.J.

3