UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JOSE CORTINA PEREZO,
a/k/a "Jochi,"

Defendant.

**SUPERSEDING INFORMATION**

S4 97 Cr. 1105 (LAP)

### COUNT ONE
### (Racketeering Conspiracy)

The United States Attorney charges:

1. From at least in or about 1991 through at least in or about 1997, JOSE CORTINA PEREZO, a/k/a "Jochi," the defendant, and others known and unknown, were members and associates of a criminal organization named Tito's Crew ("Tito's Crew" or the "Enterprise"), whose members and associates engaged in murder, murder for hire, kidnapping, other acts of violence, and narcotics trafficking.

2. Tito's Crew, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. At all times relevant to this Information, Tito's Crew operated in New York, New York, among other locations, and was engaged in, and its activities affected, interstate and foreign commerce.

3. JOSE CORTINA PEREZO, a/k/a "Jochi," the defendant, participated in unlawful and other activities in furtherance of the conduct of Tito's Crew's affairs.

## PURPOSES OF THE ENTERPRISE

4.  The purposes of Tito's Crew included the following:

    a.  Enriching the members of the Enterprise through, among other things, murder, murder for hire, and narcotics trafficking.

    b.  Augmenting and preserving the financial profits of the Enterprise by engaging in acts of violence and intimidation against competing drug organizations.

    c.  Preserving and protecting the power of the Enterprise, and its leaders, members, and associates through, among other things, murder, murder for hire, and narcotics trafficking.

    d.  Promoting and enhancing the Enterprise and its members' and associates' activities.

## MEANS AND METHODS OF THE ENTERPRISE

5.  Among the means and methods by which the members and associates in conducted and participated in the conduct of the affairs of Tito's Crew were the following:

    a.  Members and associates of the Enterprise committed and conspired, attempted, and threatened to commit, acts of violence, including acts involving murder, murder for hire, and kidnapping.

    b.  Members and associates of the Enterprise obtained, possessed, carried, and used deadly weapons, including firearms.

    c.  Members and associates of the Enterprise distributed and possessed with intent to distribute, cocaine and crack cocaine.

    d.  Members and associates of the Enterprise established, maintained, operated, and controlled various locations where quantities of cocaine and crack cocaine were

stored and sold. The Enterprise's distribution locations for cocaine and crack cocaine included, among other places, the vicinity of 128th Street and Seventh Avenue, New York, New York, and the vicinity of 151st Street and Eighth Avenue, New York, New York.

## THE RACKETEERING CONSPIRACY

6. From at least in or about 1991 through at least in or about 1997, in the Southern District of New York and elsewhere, JOSE CORTINA PEREZO, a/k/a "Jochi," the defendant, and others known and unknown, being persons employed by and associated with the racketeering enterprise described in Paragraphs One through Five of this Information, namely, Tito's Crew, which enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of Tito's Crew through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of:

a. multiple acts involving murder, chargeable under the following provisions of state law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

b. multiple acts indictable under Title 21, United States Code, Sections 841 and 846 (narcotics offenses), and 2 (aiding and abetting).

7. It was a part of the conspiracy that the defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of Tito's Crew.

(Title 18, United States Code, Section 1962(d).)

## FORFEITURE ALLEGATION

8. As a result of committing the offense alleged in Count One of this Superseding Information, JOSE CORTINA PEREZO, a/k/a "Jochi," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

    a. any interest acquired and maintained in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

    b. any interest in, security of, claims against, and property and contractual rights of any kind affording a source of influence over, the Enterprise which the defendant has established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

    c. any property constituting and derived from any proceeds which the defendant obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

### Substitute Assets Provision

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

4

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1963;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

*Edward Y. Kim*
EDWARD Y. KIM
Acting United States Attorney

5